UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BLANTON,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF SACRAMENTO; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT; CHRIS BITTLE; DONALD BRICKER; and CRYSTAL FISCHER BRADNAX,<br><br>  Defendants. | No.  2:09-cv-01832-MCE-CKD<br><br>**ORDER TAXING COSTS** |

Defendants County of Sacramento, Sacramento County Sheriff's Department, Chris Bittle, Donald Bricker and Crystal Fischer Bradnax ("Defendants") have submitted a Bill of Costs in the above-referenced matter, pursuant to 28 U.S.C. § 1920, following a grant of summary judgment in favor of Defendants on July 9, 2012. Defendants now request to recover costs in the amount of $1,996.13, and David Blanton ("Plaintiff") objects to that request. The costs sought by Defendants relate to fees for service of summons and subpoenas, fees for printed or electronically recorded transcripts necessarily obtained for use in the case, fees for exemplification and copying and other costs.

///

Under Federal Rule of Civil Procedure 54(d), the prevailing party in a lawsuit shall recover its costs "unless . . . a court order provides otherwise." Fed. R. Civ. P. 54(d). As this language suggests, the ultimate decision on whether to award costs is a matter within the court's discretion. <u>Association of Mexican-American Educators v. State of Cal.</u>, 231 F.3d 572, 591-92 (9th Cir. 2000). If the court declines to award costs as requested by the prevailing party, however, it should specify its reasons for doing so. <u>Berkla v. Corel Corp.</u>, 302 F.3d 909, 921 (9th Cir. 2002). The Ninth Circuit has held that "a district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award. The presumption itself provides all the reason a court needs for awarding costs." <u>Save Our Valley v. Sound Transit</u>, 335 F.3d 932, 945 (9th Cir. 2003). There consequently is a presumption that the prevailing party will be awarded costs.

### A. Fees for Service of Summons and Subpoena[1]

Plaintiff argues that the $55 fee for serving a deposition subpoena on Defendant Fischer is not taxable because "defendants unilaterally cancelled the deposition—apparently conceding that the deposition was not necessary to the case." (Plaintiff's Objections to Amended Bill of Costs, ECF No. 66 at 1.) Additionally, Plaintiff argues that the $5 database access fee for locating Defendant Fischer's address is not taxable because "[r]esearch costs to determine an address are not fees for service of the subpoena." <u>Id.</u> Plaintiff asserts that the $60 total fee for service of summons and subpoena should not be taxed.

///
///

---

[1] Defendants did not submit a reply to Plaintiff's Opposition, therefore the only documents considered are the Amended Bill of Costs (ECF No. 65) and Plaintiff's Objections (ECF No. 66).

Plaintiff fails to cite any case law that states that an address-finding fee is not taxable as a fee for the service of the subpoena. Section 0.114 of title 28 of the Code of Federal Regulations discusses allowable fees for services, noting that the U.S. Marshals Service[2] shall collect fees for process served at the rate of $55 per hour, "plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3). Out-of-pocket expenses include "any other third-party expenditure incurred in executing process." § 0.114(b). A database fee to locate a person's address can reasonably be said to constitute a third-party expenditure that was necessary to serve process on Defendant Fischer. Because Plaintiff is unable to cite case law to support the deletion of the $5 fee from the bill of costs, the Court rejects Plaintiff's objection to this $5 fee.

With regard to the $55 service fee for the subpoena of a witness for a deposition that was later cancelled by Defendants, Plaintiff fails to cite any binding case authority, relying on a case from the Northern District of Illinois and a case from the Southern District of Florida. Because Plaintiff's argument is not sufficiently persuasive to overcome the presumption in favor of awarding costs, the Court rejects Plaintiff's objection to this $55 fee.

**B.   Fees for Transcripts**

Defendants listed fees totaling $1,596.75 for printed or electronically recorded transcripts necessarily obtained for use in the case. Plaintiff does not object to the cost of the transcripts themselves, but does object to the $200 appearance fee and the $75 delivery fee, and thus requests that the amount of $1,596.75 be reduced by $275.

///
///

---

[2] The Ninth Circuit also allows for fees from a private process server to be taxed. See Alflex Corp. v. Underwriters Laboratories, Inc., 914 F.2d 175, 178 (9th Cir. 1990).

Plaintiff cites to a previous case by this Court, which noted that "[t]he court will not tax the cost of postage and handling of the deposition transcripts, since those costs are not enumerated in the statute." Shook v. Town of Truckee, 2009 WL 321273 (E.D. Cal. 2009). The Court finds Plaintiff's objection to the delivery fees of $75 to be well taken.

Plaintiff argues that the $200 appearance fee should not be taxed, but cites only to cases involving postage and delivery fees. Both the Eastern District and the Ninth Circuit have, however, held that appearance fees should not be taxed. See McKesson Info. Solutions, Inc. v. Bridge Med., Inc., 2007 WL 1139557, at *1 (E.D. Cal. Apr. 17, 2007); Bosse v. Napolitano, 337 F. App'x 633, 637 (9th Cir. 2009) ("the district court excluded reporter appearance fees"). The Court therefore sustains Plaintiff's objection to the appearance fee of $200.

### C.   Costs for Copies

Plaintiff objects to the fee of $195.20 for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. Plaintiff argues that Defendants "make no attempt to show that whatever copies they claim were necessary and indeed fail to even describe what was copied or how the copy cost was calculated." (Plaintiff's Objection at 2.) Plaintiff claims that Defendants have failed to "carry their burden of demonstrating that they incurred this cost 'necessarily.'" (Id.) In their bill of costs, Defendants fail to attach any receipts or provide any explanation as to the basis for claiming the exemplification and copying costs in the amount of $195.20. Merely claiming that amount as recoverable costs without any further substantiation is plainly insufficient.  Plaintiff's objection to the exemplification and copying costs is also well taken.

///

///

///

### D. Other Costs

Plaintiff objects to Defendant's "other costs" amount of $144.18, arguing that the only explanation given for this amount is a few pages from a LexisNexis bill. (Plaintiff's Objection at 2.) Plaintiff cites to cases that held that computerized legal research is not a taxable cost under 28 U.S.C. § 1920. This Court has previously considered this issue in U.S. ex rel. Stierli v. Shasta Serv. Inc, 2007 WL 1516934 (E.D. Cal. May 22, 2007), holding that expenses related to computerized legal research are not reimbursable under 28 U.S.C. §1920. Id. at *1. The $144.18 in claimed "other costs" can accordingly not be permitted.

Given the foregoing, costs are taxed in favor of Defendants in the reduced amount of $1,381.75.[3]

IT IS SO ORDERED.

DATED: June 25, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] Plaintiff states in his objection that Defendants' bill of costs should be reduced to $1,521.75. This appears to be a miscalculation, as Plaintiff's requests, when added together, equal $1,381.75.